IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE MARIE CHESNEY, | ) |
| | ) |
| Plaintiff, | ) 2:26-cv-315 |
| | ) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF INVESITGATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Anne Chesney filed a lawsuit against the Federal Bureau of Investigation, West Mifflin Police Department, and Department of Justice under 42 U.S.C. § 1983, *Bivens*, and the Federal Tort Claims Act for damages. She has also moved to proceed *in forma pauperis*. The Court will grant Ms. Cheney's leave to proceed *in forma pauperis*, but will dismiss her complaint without prejudice because her complaint, as pled, fails to state a claim on which relief can be granted.

"District courts have discretion to grant or deny a motion requesting in forma pauperis under 28 U.S.C. § 1915(a) for civil actions." *Pluck v. Potter*, No. 02-8909, 2002 WL 32107629, at *1 (E.D. Pa. Dec. 17, 2002) (cleaned up). "Factors to apply in making the determination include whether the plaintiff owns any real property, whether he or she is employed, whether he or she is the recipient of a pension and the number of dependents that rely on him or her for support." *Urban v. Henderson*, No. 99-4244, 1999 WL 675466, at *1 (E.D. Pa. Aug. 3, 1999) (citation omitted). The Court has reviewed Ms. Cheney's representations about her financial condition and, based on those representations, agrees that she cannot pay the fees to start her case. Thus, the Court will grant Ms. Cheney *in forma pauperis* status.

Having granted Ms. Cheney's motion to proceed in forma pauperis, the Court must now engage in the screening function under the statute. In doing so, because Ms. Cheney is proceeding *pro se*, the Court must liberally construe her allegations. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Even with such a favorable construction, the complaint fails

to state a claim on which relief can be granted because Ms. Cheney is time-barred under the appropriate statutes of limitations.

A court may *sua sponte* dismiss a complaint at the screening stage if the plaintiff "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(A)(a). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true. . . show that relief is barred by the applicable statute of limitations. . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007). District courts may consider the issue of the statute of limitations at the screening stage. *See Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007); *Kimmel v. Schuylkill Co. Prison*, No. CV 3:24-0018, 2024 WL 199557, at *2 (M.D. Pa. Jan. 18, 2024).

"Section 1983 has no statute of limitations of its own, but borrows the statute of limitations from state personal-injury torts." *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). Similarly, "[s]ince Bivens type actions and § 1983 actions rest on similar policies, courts look to the statute of limitations applied in a § 1983 case, to determine the appropriate statute in a *Bivens* type case." *Drum v. Nasuti*, 648 F. Supp. 888, 902 (E.D. Pa. 1986), aff'd, 831 F.2d 286 (3d Cir. 1987). Under Pennsylvania law, "[t]he statute of limitations for a § 1983 claim. . . is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 Pa. Cons. Stat. § 5524(2). Conversely, "[f]ederal law governs a cause of action's accrual date." *Kach*, 589 F.3d at 634. And under federal law, a claim accrues "when the plaintiff has a complete and present cause of action." *Gabelli v. SEC*, 568 U.S. 442, 448 (2013); *see also William A. Graham Co. v. Haughey*, 646 F.3d 138, 150 (3d Cir. 2011) (accrual occurs "at the moment at which each of its component elements has come into being as a matter of objective reality, such that an attorney with knowledge of all the facts could get it past a motion to dismiss for failure to state a claim"). As to Ms. Cheney's claim brought under the Federal Tort Claims Act, such claims must be brought within two years "after such claim accrues." 28 U.S.C. § 2401(b).

The Court construes Ms. Cheney's complaint as bringing three claims: two Section 1983 claims arising from incidents on October 22, 2022, and January 26, 2024, two *Bivens*

claim arising from those same incidents on October 22, 2022, and January 26, 2024, and one Federal Torts Claims Act claim arising from incidents on January 26, 2024. ECF 1.

Even when liberally construed in Ms. Cheney's favor, all of the alleged wrongful conduct that serve as the accrual point for her claims occurred in October 2022 and January 2024, which gave her until January 2026 to timely file her lawsuit. Given that the present lawsuit was filed in February 2026, all of her claims are time-barred, and must be dismissed.

Accordingly, for the foregoing reasons, the Court hereby **GRANTS** Ms. Cheney leave to proceed *in forma pauperis*, and hereby **DISMISSES** the complaint. Because Ms. Cheney is proceeding *pro se*, this dismissal is without prejudice. This means that Ms. Cheney is free to amend her complaint to provide the necessary factual details and legal bases to state any claims within the appropriate statute of limitations or plead the necessary details to toll the limitations period if she can do so. Any such amended complaint must be filed by **March 27, 2026.** If no amended complaint is filed by then, then the Court will convert the dismissal to one with prejudice.

Dated: February 25, 2026

                                            BY THE COURT:

                                            /s/ J. Nicholas Ranjan
                                            United States District Judge

cc:
Anne Marie Chesney
6017 Broad St.
Room 215
Pittsburgh, PA 15206